IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN -7 2009

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-02131-BNB

ROBERT LEE HUNT, JR.,

Applicant,

v.

HOYT BRILL, Warden,

Respondent.

## ORDER OF DISMISSAL

Applicant Robert Lee Hunt, Jr., is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Kit Carson Correction Center in Burlington, Colorado. Mr. Hunt has filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. In an order entered on October 24, 2008, Magistrate Judge Boyd N. Boland directed Respondent to file a Preliminary Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies if Respondent intends to raise either or both of those affirmative defenses. On November 14, 2008, Respondent filed a Preliminary Response arguing that Mr. Hunt has not exhausted state court remedies. Mr. Hunt did not file a Reply to the Preliminary Response within the time allowed.

The Court must construe the Application filed by Mr. Hunt liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not

be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action for failure to exhaust state court remedies.

Mr. Hunt appears to be challenging his current incarceration. He pled guilty in a criminal case in the El Paso County District Court in January 2007, and he was sentenced to five years in prison to be served concurrently with his State of Washington sentence. Applicant also was granted 788 days of time served in his Colorado conviction. Mr. Hunt was released on parole from his State of Washington sentence in April 2008. Upon being released on parole, he was returned to Colorado and placed in the custody of the DOC. Mr. Hunt asserts that the DOC has no jurisdiction to hold him and is unlawfully restraining him in violation of his Eighth and Fourteenth Amendment rights. As relief, Mr. Hunt asks to be returned to the State of Washington so he may serve his parole.

Mr. Hunt must exhaust state court remedies before he may pursue his claims in a habeas corpus action in this Court. See *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. See *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus

2

action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondent asserts that Mr. Hunt has not filed either a Colo. R. Crim. P. 35 motion or a state habeas under which his claims would be cognizable in state court. (Pre. Resp. at 4.) Mr. Hunt does not counter Respondent's claims. Although he states on Page Two of the Application form that he has exhausted his state court remedies, the only evidence in support of his alleged exhaustion is a letter that his attorney sent to the DOC requesting that Mr. Hunt be processed through the DOC system as soon as possible, because he is eligible for release. A letter to the DOC requesting release does not satisfy the exhaustion requirement under 28 U.S.C. § 2241.

Therefore, Mr. Hunt's claims have not been presented and exhausted in state court as required. He does not allege that he has made any attempt to raise his claims in state court. Therefore, the Court will dismiss the instant action without prejudice for failure to exhaust state court remedies. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust state court remedies.

DATED at Denver, Colorado, this 7 day of Jan, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02131-BNB

Robert Lee Hunt, Jr.
Prisoner No. 141701
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

James X. Quinn
Senior Assistant Attorney General
Office of the Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 1/7/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk